**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ELTON EMMANUEL MUGENI,

                 Petitioner,

   v.

MARKWAYNE MULLIN, *et al.*,

               Respondents.

Case No. 26-cv-02311-BAS-DEB

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7)**

Petitioner Elton Emmanuel Mugeni filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming he is a member of the class certified in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d ___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and was improperly detained under 8 U.S.C. § 1225(b) when he should have been detained under § 1226(a).  (ECF No. 7.)  The Government opposes (ECF No. 9), and Petitioner filed a Traverse (ECF No. 10).  For the reasons stated below, the Court **DENIES** the Amended Petition.

**I.      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484

26cv2311

(1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

On December 18, 2025, U.S. Border Patrol arrested Petitioner, a citizen of Uganda, 50 yards north of the international border just west of the San Ysidro Port of Entry.  (ECF No. 9, Ex. 1.)  Petitioner claims he is subject to discretionary release pursuant to 8 U.S.C. § 1226(a), rather than mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

## III.    ANALYSIS

"Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8 U.S.C. §§ 1225 and 1226."  *Lopez v. Andrews*, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025).  Individuals seeking admission into the United States at the border, like Petitioner in this case, are subject to mandatory detention under § 1225.  These noncitizens may be released only if the Department of Homeland Security determines it is appropriate to parole the noncitizen into the United States. Detention under § 1225(b) is otherwise mandatory, and individuals are not entitled to a bond hearing.

Section 1226 addresses noncitizens who are not detained at the border and who are arrested while they are already living in the United States.  These individuals may be released on bond if they show ties to the community in which they have been living and demonstrate they "do[] not present a danger to persons or property, [are] not a threat to the national security, and do[] not pose a risk of flight."  8 U.S.C. § 1226.

The Central District of California addressed this second category of noncitizens in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), certifying a class of all noncitizens who (1) entered without inspection and (2) were not apprehended upon arrival.  Although Petitioner in this case claims he is a member of this Bond Eligible Class in *Maldonado Bautista* (ECF No. 7), it does not appear that he

- 2 -

26cv2311

entered without inspection, but instead he was apprehended upon his arrival, 50 yards north of the international border.  Hence, he is not a member of this class, nor is § 1226 applicable to him.

It appears Petitioner abandoned the claim that his detention has been arbitrarily or unreasonably prolonged when he filed his Amended Petition.  However, to the extent that is still an issue, the Court finds a merits hearing scheduled five months after Petitioner was detained is not an arbitrary or unreasonably prolonged period of time.

**IV.   CONCLUSION**

Accordingly, the Court **DENIES** the Amended Petition without prejudice (ECF No. 7).  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 29, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2311